| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS:**<br>MARILYN D. GARNER, CHAPTER 7 TRUSTEE | **DEFENDANTS:**<br>MARK ALAN BURKETT, Individually and in his capacity as the sole manager of INCLINE ENGINEERING AND CONSULTING LLC; CROSSTEX SERVICES, LLC; and HALITE PROPERTIES, LLC |
| **ATTORNEYS:** (Firm Name, Address and Telephone No.)<br><br>Lyndel Anne Vargas<br>CAVAZOS HENDRICKS POIROT, P.C.<br>Suite 570, Founders Square<br>900 Jackson Street<br>Dallas, TX 75202<br>Direct Dial: (214) 573-7344<br>Fax: (214) 573-7399<br>Email: LVargas@chfirm.com | **ATTORNEYS:** (If Known) |
| **PARTY:** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/<br>☐ Creditor        Bankruptcy Admin<br>☒ Trustee    ☐ Other | **PARTY:** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/<br>☐ Creditor        Bankruptcy Admin<br>☐ Trustee    ☒ Other |

**CAUSE OF ACTION:** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Turnover of Property of Estate 11 U.S.C. § 542(b); 547; 548; 550

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory Judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

Other:
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint    Demand: $1,000,000.00+

Other Relief Sought: Damages for conversion, unjust enrichment and breaches of fiduciary duties.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR:** Copper Ridge Resources, LLC | **BANKRUPTCY CASE NO.:** 20-42766 |

| DISTRICT IN WHICH CASE IS PENDING: Northern District of Texas | DIVISIONAL OFFICE: Ft. Worth | NAME OF JUDGE: Mark X. Mullins |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF: | DEFENDANT: | ADVERSARY PROCEEDING NO.: |
| DISTRICT IN WHICH ADVERSARY IS PENDING: | DIVISIONAL OFFICE | NAME OF JUDGE: |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| /s/ Lyndel Anne Vargas ||
| DATE: 4/12//22 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Lyndel Anne Vargas, Esq. |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorneys for Marilyn D. Garner, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In Re:<br><br>COPPER RIDGE RESOURCES, LLC,<br><br>Debtor.<br><br>MARILYN D. GARNER, Chapter 7 Trustee<br><br>Plaintiff,<br><br>v.<br><br>MARK ALAN BURKETT, Individually and in his capacity as the sole manager of INCLINE ENGINEERING AND CONSULTING LLC; CROSSTEX SERVICES, LLC; and HALITE PROPERTIES, LLC,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § | Case No. 20-42766-mxm7<br><br><br><br><br><br>Adversary No. _____ |

**TRUSTEE'S ORIGINAL COMPLAINT**

COMES NOW, Marilyn D. Garner, Chapter 7 Trustee (the "Plaintiff" or "Trustee"), of the bankruptcy estate of Copper Ridge Resources, LLC (the "Debtor" or "Copper Ridge") and files this her *Trustee's Original Complaint* (the "Complaint") against Mark Alan Burkett, individually and in his capacity as the sole manager and alter ego of Incline Engineering and Consulting LLC (the "Defendants") to avoid and recover preferential payments made by the Debtor to the Defendants and

respectfully shows the following:

## PARTIES

1.  The Plaintiff is Marilyn D. Garner, is the Chapter 7 Trustee for the bankruptcy estate of the Debtor.

2.  Defendant Mark Alan Burkett ("Burkett") is an individual and may be served pursuant to Federal Rule of Bankruptcy Procedure 7004 by mailing, via first class postage prepaid mail, a copy of the summons and Complaint to him at 708 Solomon Lane, Midland, TX 79710.

3.  Burkett is the sole managing member of Defendant Incline Engineering and Consulting, LLC ("Incline") a Texas limited liability company, which he formed. Plaintiff also alleges that Incline, as wholly-owned by Burkett, was an alter ego of Burkett. Service of process may be served pursuant to Federal Rule of Bankruptcy Procedure 7004 by mailing, via first class postage prepaid mail, a copy of the summons and Complaint to its registered agent and sole managing member, Mark Burkett at 3001 N. Big Spring, Ste. 207, Midland, TX 79705.

4.  Crosstex Services, LLC ("Crosstex") is a Texas limited liability company, owned and controlled by Defendant Burkett, who is the sole member and director. Crosstex also shares the same post office box as a business address with Incline. Based on this information, Plaintiff also alleges that Crosstex is an alter ego of Burkett. Service of process may be served pursuant to Federal Rule of Bankruptcy Procedure 7004 by mailing, via first class postage prepaid mail, a copy of the summons and Complaint to its registered agent and manager, Mark Burkett at 3001 N. Big Spring, Ste. 207, Midland, TX 79705.

5.  Halite Properties LLC ("Halite") is a Texas limited liability company, partially owned and controlled by Defendant Burkett who is a member and director. Service of process may be served pursuant to Federal Rule of Bankruptcy Procedure 7004 by mailing, via first class postage prepaid mail, a copy of the summons and Complaint to its manager, Mark Burkett at 3001 N. Big

Spring, Ste. 207, Midland, TX 79705.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this adversary proceeding. 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

7. Venue is proper in this Court. 28 U.S.C. § 1409(a).

## BACKGROUND

8. On August 31, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

9. Marilyn D. Garner was subsequently appointed as the chapter 7 Trustee.

10. On September 14, 2020, the Debtor filed its Statement of Financial Affairs (the "SOFA"), and Burkett, as the sole member and manager of the Debtor, signed the same under penalty of perjury.

11. The SOFA reflects Burkett is the sole member of the Debtor having a one hundred percent (100%) interest in the Debtor. Therefore, Burkett is an insider of the Debtor and was an insider of the Debtor throughout the year preceding the filing of Debtor's bankruptcy.

12. On information and belief, Burkett is the sole manager and member of Incline. Therefore, Incline is an insider of the Debtor and was an insider throughout the year preceding the filing of the Debtor's bankruptcy

13. In addition to Burkett drawing a salary from the Debtor, the SOFA reflects that the Debtor made a transfer to Burkett (the "Burkett Transfer") during a one-year period, specifically on October 10, 2019, prior to the Petition Date for eight thousand dollars ($8,000.00) for "contract labor."

14. On information and belief, the Debtor made a series of transfers to Incline (the "Incline Transfers") during a one-year period, specifically between January and June of 2019, prior

to the Petition Date. These transfers were characterized as payments for "consultant" work.

15. The Burkett Transfer and Incline Transfers are herein jointly referred to as the Preferential Transfers.

16. On March 16, 2021, the Trustee, by and through her counsel, sent a demand letter to Defendants Burkett and Incline, demanding return of the funds that they received from the Debtor for the Preferential Transfers during the year prior to the Petition Date.

17. Defendants Burkett and Incline have failed to turn over the funds received from the Preferential Transfers and failed to establish a defense to the treatment of said transfers as avoidable insider preference claims.

18. All conditions precedent to the commencement of this suit have occurred.

**AVOIDANCE OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547**
**(Against Burkett and Incline)**

19. The Plaintiff realleges the allegations set forth in paragraphs 1 through 18 herein and the same are incorporated as if alleged in full herein.

20. The Plaintiff seeks to avoid the Preferential Transfers made to the Defendants, Burkett and Incline, insiders as defined by 11 U.S.C. §101(31)(B), made within the Preference Period totaling $69,300.00 (the "Preferential Transfers").

21. The funds used to make each of the Preferential Transfers were property of the Debtor.

22. The Trustee is informed and believes that the Preferential Transfers were for or on account of one or more antecedent debts owed by the Debtor.

23. Defendants Burkett and Incline were insiders of the Debtor at the time of each Preferential Transfer.

24. Each of the Preferential Transfers was made while the Debtor was insolvent.

25. The Preference Transfers enabled Defendants Incline and Burkett to receive more

than they would have received had the case been one under Chapter 7 of the Bankruptcy Code, had the transfers not been made, and had they received payment to the extent provided by the Bankruptcy Code

26. The Plaintiff may avoid the Preference Transfers made to the Defendants Burkett and Incline pursuant to 11 U.S.C. § 547(b) of the Bankruptcy Code.

### FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548
### (Against Burkett and Incline)

27. The Plaintiff incorporates the allegations from paragraphs 1 through 26 by reference as if fully set out herein.

28. The Plaintiff also seeks to avoid the Incline Transfers made to Incline, and indirectly to Burkett as the sole member of Incline, for the payment of "consulting services" before the Petition Date as fraudulent transfers.

29. The Debtor made the Incline Transfers to Burkett through Incline Invoices within two years of the Petition Date for less than reasonable equivalent value.

30. Burkett used Incline as a means for taking money out of the income of the Debtor, disguised as an expense payment.

31. Burkett's role with the Debtor was to provide his expertise to the well drilling operations of the Debtor and there was no disclosure to the joint owners that he wanted to pay himself, as a "consultant" with Incline, in addition to his agreed compensation.

32. Therefore, Burkett's billings, through Incline to the Debtor, were fraudulent invoices and the payment for the Incline invoices were not in exchange for different services than those Burkett already had agreed to provide to the Debtor individually.

33. Burkett made the Incline Transfers with the actual intent to defraud Debtor's creditors and joint interest owners.

34. The Incline Transfers enabled Burkett, indirectly, to receive more than he would have

received in the Chapter 7 proceedings of the Debtor.

35. Pursuant to 11 U.S.C. § 548 of the Bankruptcy Code the Plaintiff may avoid the Incline Transfers to the Defendant as fraudulent transfers.

## RECOVERY FROM DEFENDANTS UNDER 11 U.S.C. § 550
### (Against Burkett and Incline)

36. The Plaintiff realleges the allegations set forth in paragraphs 1 through 33 herein as if alleged in full herein.

37. Defendant Incline was the initial transferee of the Preferential Transfers made by the Debtor to Defendant Burkett. Burkett was the subsequent transferee.

38. Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover for the benefit of the estate from Defendants Incline and Burkett the value of the Preferential Transfers.

39. Additionally, the Plaintiff seeks recovery of interest and court costs resulting from the Defendants' failure to return the Preferential and Fraudulent Transfers to the Trustee prior to suit.

## CONVERSION AND UNJUST ENRICHMENT
### (Against and CrossTex, Burkett and Halite)

40. Prepetition Burkett created the Debtor as a single-member Texas limited liability company to perform as an operator for oil and gas leases owned by Halite, another Texas limited liability company in which Burkett is a manager and director.

41. As the operator for wells in which Halite held oil and gas leases, Burkett raised more than $1,000,000.00 in funds through the Debtor from joint interest owners to procure equipment and labor to enable additional drilling to be conducted on Halite's wells by the Debtor before filing bankruptcy.

42. The Plaintiff is informed and believes that the Debtor, directly and through various vendors, materially improved and equipped numerous Halite wells to commence and/or continue production.

43. The Plaintiff is informed and believes, based on public record, that wells in which the Debtor provided machinery and labor while the operator are now producing and generating income for Halite, CrossTex, and, indirectly, for Burkett, including but not limited to the Butler A-3 Well, the JAX 28 1, JAX 28 2, JONES 11 2H, JONES E. H.1, JONES Ranch, JONES Ranch I, II and 6, Maria 1X and Stark M.E. I. in Gaines County Texas, as well as wells in Andrews, Crane, Callahan and Martin Counties.

44. Burkett and Halite knowingly and intentionally facilitated the transfer of all operating rights of the Debtor and released the equipment and improvements of the well-drilling operations into the possession and control of CrossTex, knowing that the same improved Halite's leasehold interests and would enable CrossTex to commence or continue production by the use of the same. Crosstex has generated and continues to generate income without Halite or CrossTex providing any compensation to the Debtor for the labor, equipment and improvements being utilized by CrossTex in operating these wells for itself and Halite.

45. The sworn schedules of the Debtor, signed by Burkett under penalty of perjury, show that over $1,000,000.00 in vendor goods and services remained unpaid when the Debtor filed bankruptcy on August 31, 2020.

46. Burkett and Halite's use, through CrossTex, of the labor and materials provided by the Debtor, directly and through its vendors, converted the value of such goods and services to Burkett, Halite and CrossTex's benefit without consideration.

47. The conversion of the value of such labor and materials was done knowingly and intentionally by Burkett, Incline and CrossTex and damaged the Debtor as insufficient assets were retained by the Debtor to pay its taxes and other obligations. Furthermore, Halite, CrossTex and Burkett were unjustly enriched by the labor and materials provided by the Debtor.

48. Therefore, the value of the labor and materials provided by the Debtor, directly and

through its vendors, to the wells from which CrossTex now has produced income, should be returned to the Debtor's Estate.

49. Alternatively, damages should be awarded to the Trustee for the value of the labor and materials incurred in Debtor's name to prepare the wells which CrossTex has subsequently operated.

**BREACH OF FIDUCIARY DUTY AND SELF-DEALING**
**(Against Burkett)**

50. Plaintiff herein incorporates the allegations of paragraphs 1 through 47 herein as part of this cause of action against Burkett.

51. Copper Ridge was insolvent on or before June 1, 2020.

52. As the managing member of the Debtor, Burkett owed a fiduciary duty to the creditors of Copper Ridge to refrain from engaging in self-dealing and the transfer of assets and opportunities of the Debtor, without fair consideration.

53. Burkett breached his fiduciary duties to the creditors of the Debtor in several respects, including but not limited to the following: (a) disguising transfers to himself as legitimate business expenses through billings of his company, Incline, for services which were already part of his obligations to the Debtor, (b) facilitating the transfer of the operations of the Halite wells that the Debtor had drilled and improved for production to CrossTex without compensating the Debtor. Then, through CrossTex, Burkett used improvements and equipment to go into production on at least 6 wells; and (c) allowing Halite and others of his affiliated companies to accrue large accounts payable due to the Debtor and failing to facilitate payment to the Debtor despite income and assets of his affiliated companies to pay their debts to the Debtor.

54. The Debtor and its creditors suffered damages exceeding $1,000,000.00 due to Burkett's breaches of his fiduciary duties.

55. The Trustee, on behalf of the Debtor's Estate, is entitled to an award of all such

damages as against Burkett, as well as all costs of court and reasonable attorney's fees.

## PRAYER

WHEREFORE, the Plaintiff respectfully prays that this Court enter judgment in favor of the Plaintiff and against the Defendants:

1. Pursuant to 11 U.S.C. § 547, avoiding the Preferential Transfers made by the Debtor to Defendants;

2. Pursuant to 11 U.S.C. § 548. Avoiding the Fraudulent Transfers made by the Debtor to Defendants.

3. Pursuant to 11 U.S.C. § 550, requiring the Defendants to turn over the value of the Preferential and Fraudulent Transfers in the amount of $69,300.00 to the Trustee, along with interest and court costs resulting from failure to return the transferred funds prior to the Trustee filing suit;

4. For damages against Burkett and Incline for the value of the fraudulent transfers;

5. For damages against Burkett, Crosstex and Halite for conversion and unjust enrichment;

6. For damages arising from Burkett's breaches of his fiduciary duties to the Debtor and its creditors;

7. For such other and further relief to which he may be justly entitled.

DATED: April 12, 2022

             Respectfully Submitted,

             /s/ Lyndel Anne Vargas
             Lyndel Anne Vargas
             State Bar No. 24058913
             CAVAZOS HENDRICKS POIROT, P.C.
             Suite 570, Founders Square
             900 Jackson Street
             Dallas, TX 75202
             Phone: (214) 573-7344
             Fax: (214) 573-7399
             Email: LVargas@chfirm.com
             Attorneys for Marilyn D. Garner, Chapter 7 Trustee